UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TOMMY SANSOM,**

    **Plaintiff,**

v.                                                            Case No: 8:20-cv-775-T-27AAS

**ANDREW SAUL, Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 24), recommending that the decision of the Commissioner denying Plaintiff's claim for disability insurance benefits and supplemental security income be affirmed. Plaintiff filed an objection to the Report and Recommendation, to which the Commissioner did not respond. (Dkt. 25). After a review of the findings to which no objection has been made for plain error and a *de novo* review of the legal conclusions, I agree with the Magistrate Judge that the Administrative Law Judge ("ALJ") applied the correct legal standards and his decision is supported by substantial evidence. Accordingly, the objections are overruled, the Report and Recommendation (Dkt. 24) is adopted, and the Commissioner's decision is affirmed.

    I.        **PLAINTIFF'S OBJECTIONS**

Plaintiff does not object to specific findings or conclusions in the Report and Recommendation. (Dkt. 25 at 1). Rather, Plaintiff makes a general objection that "[s]ubstantial evidence does not support the [ALJ's] finding that Plaintiff did not meet the requirements of Listing 12.05B." (Id.).

1

## II. STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, factual findings are reviewed for plain error. *Id.* at § 636(b)(1)(C); *Dupree v. Warden*, 715 F.3d 1295, 1300-01 (11th Cir. 2013). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (per curium) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982) (per curium)); *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

The ALJ's decision is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam), and if the decision as a whole is supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id.* (internal quotation marks and citations omitted). Legal conclusions of the ALJ, however, are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## III. DISCUSSION

"The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). A five-step, sequential evaluation process is used to determine whether a claimant is disabled. *Winschel*, 631 F.3d at 1178 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir.

2004)). The first three steps evaluate whether (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, and (3) the impairment meets or equals the severity of the specified impairments in the Listing of Impairments. *Id.* The fourth step determines whether, based on the claimant's residual functional capacity ("RFC") assessment, he can perform any of his past relevant work despite the limitations caused by his impairments. *Id.* At the fourth step, the ALJ considers "all the relevant medical and other evidence" in the record to determine the claimant's RFC. *Phillips*, 357 F.3d at 1238 (quoting 20 C.F.R. § 404.1520(e)). The final step evaluates whether there are significant numbers of jobs in the national economy the claimant can perform, considering his RFC, age, education, and work experience. *Winschel*, 631 F.3d at 1178.

The ALJ found, as to steps one and two, that Plaintiff had not been engaged in substantial gainful activity since May 15, 2016 and had several impairments, including "depression, anxiety, schizophrenia, and learning disorder (mild mental retardation (currently described as intellectual disorder) per consultative psychological examiner at Exhibit 1F." (Decision, Dkt. 16-2 at 18-19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Id. at 19). The ALJ further concluded at step four that Plaintiff had no past relevant work and that he

> has residual functional capacity to perform a full range of work at all exertional levels, with the following nonexertional limitations: [Plaintiff] is limited to jobs that can be learned in 30 days by on-the-job demonstration or repetition and that require only occasional decision making or exercise of judgment in connection with the job performance. He should have no work-related interaction with the public, but can have occasional interaction with coworkers and supervisors. [Plaintiff] should have jobs that are limited to working with things rather than people.

(Id. at 22, 25-27). Based on his age, education, work experience, RFC, and testimony of the

3

vocational expert, the ALJ found Plaintiff not disabled. (Id. at 29-30).

Plaintiff appealed the ALJ's decision on two grounds: (1) "Whether Substantial Evidence Supports The Administrative Law Judge's Finding That Plaintiff Did Not Meet Listing 12.05(B)" and (2) "Whether The ALJ Erred In Citing Jobs That Exceed Plaintiff's Capabilities And In Failing To Resolve Apparent Conflicts Between The VE's Testimony And The DOT." (Dkt. 22). The Magistrate Judge disagreed and recommended, after a thorough review of the ALJ's findings and conclusions, that the decision of the ALJ be affirmed. (Dkt. 24).

As noted, Plaintiff failed to pinpoint specific findings or conclusions in the Report and Recommendation that he deems objectionable. *See United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (per curium) ("After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). Rather, he generally objects that "[s]ubstantial evidence does not support the [ALJ's] finding that Plaintiff did not meet the requirements of Listing 12.05B." (Dkt. 25 at 1). Indeed, his objection mirrors the exact argument he raised in the Joint Memorandum and does not present a specific objection to a factual finding in the Report. (Dkt. 22 at 25-31). As the Eleventh Circuit Court of Appeals has held, "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Accordingly, because Plaintiff has not made specific objections to the Report and Recommendation, factual findings are reviewed for plain error and legal conclusions are reviewed *de novo*. *Dupree*, 715 F.3d at 1300-01; *LeCroy*, 397 F. App'x at 556.

The Magistrate Judge concluded that the ALJ properly considered the Global Assessment of Functionality (GAF) scores and the other record evidence to support his decision, that the medical records support the ALJ's determination that Plaintiff had only moderate limitations in mental adaptive functioning not marked or extreme limitations, and that substantial evidence supports the ALJ's conclusion that, despite Plaintiff's low IQ score, he does not show the requisite deficiencies in mental adaptive functioning to meet Listing 12.05B. (Dkt. 24). The ALJ's decisions on these points will be affirmed if the legal conclusions are correct and the decisions are supported by substantial evidence. While determining whether substantial evidence supports the ALJ's conclusions, the ALJ's factual findings are entitled to great deference. *See Hunter v. Social Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015).

Upon review, the Magistrate Judge's findings are fully supported by the record. As the Magistrate Judge correctly determined, substantial evidence supports the ALJ's determination that Plaintiff did not meet Listing 12.05B.[1] Accordingly, after a review of the findings to which no objection has been made for plain error and a *de novo* review of the legal conclusions, I agree with the Magistrate Judge that the ALJ applied the correct legal standards and his decision is supported by substantial evidence. Plaintiff's objections, therefore, are overruled.

---

[1] Indeed, the Magistrate Judge's Report and Recommendation includes a thorough analysis regarding Plaintiff's objections to the ALJ's determination that he did not meet Listing 12.05B. (Dkt. 24 at 9-12). That analysis is adopted in this Order.

## IV. CONCLUSION

Plaintiff's Objections are **OVERRULED**. The Report and Recommendation (Dkt. 24) is **APPROVED** and **ADOPTED** for all purposes, including appellate review. The decision of the Commissioner is **AFFIRMED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant pursuant to 42 U.S.C. § 405(g), and to **CLOSE** the file.

**DONE AND ORDERED** this 29th day of July, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record